JANET M. HEROLD
Regional Solicitor
BRUCE L. BROWN
Associate Regional Solicitor
LAURA C. BREMER (SBN 162900)
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7757
Facsimile: (415) 625-7772
Email: bremer.laura@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>E-SMART TECHNOLOGIES, INC., a corporation,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR ENFORCEMENT OF FINAL ORDERS OF THE SECRETARY OF LABOR<br>(18 U.S.C. § 1514A; 49 U.S.C. § 42121(b)(5)) |

*Complaint*            1

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action to enforce the whistleblower protection provisions for employees of publicly traded companies under section 806 of the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514A, and its implementing regulations, 29 C.F.R. § 1980.100, *et seq.*, and requesting the entry of judgment against defendant e-Smart Technologies, Inc. ("e-Smart") in accordance with non-appealable, final orders of the Secretary of Labor.

## PARTIES

2. Plaintiff Thomas E. Perez is the Secretary of Labor, United States Department of Labor.

3. Defendant e-Smart is a corporation organized and existing under the laws of the state of Nevada, and was a publicly traded company under SOX and engaged in the development of a smart card that could verify its user's identity through fingerprints.

4. From May 2007, until e-Smart constructively discharged him in October 2007, complainant Richard Barrett worked as the Chief Operating Officer of e-Smart out of his home in Pleasanton, California.

## JURISDICTION

5. Jurisdiction of this action is conferred upon this court by 28 U.S.C. §§ 1331 and 1345, 49 U.S.C. § 42121(b)(5) (as applicable pursuant to 18 U.S.C. § 1514A(b)), and 29 C.F.R. § 1980.113.

6. Pursuant to the provisions set forth at 18 U.S.C. § 1514A(b), 49 U.S.C. § 42121(b)(3), and 29 C.F.R. Part 1980, the Secretary of Labor determined in a final order that e-Smart violated SOX by constructively discharging Mr. Barrett because he reported his opposition to the dissemination of what he believed was a misleading Form 10-K annual report that was to be filed with the Securities and Exchange Commission. This violation occurred in Pleasanton, California, where e-Smart had employed Mr. Barrett.

## VENUE

7. Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Pleasanton, Alameda County, California.

## INTRADISTRICT ASSIGNMENT

8. Assignment of this action to the San Francisco or Oakland Divisions of the Northern District of California pursuant to Civil Local Rule 3-2(c) is proper, because a substantial part of the events or omissions which gave rise to his claim occurred in Alameda County.

## CLAIM FOR ENFORCEMENT OF FINAL ORDERS

9. Following Mr. Barrett's termination from employment by e-Smart, Mr. Barrett filed a timely complaint with the Secretary of Labor, alleging that e-Smart discharged him in retaliation for activity protected by SOX.

10. Pursuant to 18 U.S.C. § 1514A, 49 U.S.C. § 42121(b)(2), and 29 C.F.R. §§ 1980.104 and 1980.105, the Assistant Secretary of Labor for Occupational Safety and Health conducted an investigation and found reasonable cause to believe that

e-Smart violated SOX, and ordered injunctive relief and damages in remedy for the violation.

11. E-Smart requested a hearing before an administrative law judge.

12. Pursuant to 18 U.S.C. § 1514A, 49 U.S.C. § 42121(b)(2), and 29 C.F.R. § 1980.106, a hearing was held before Steven B. Berlin, Administrative Law Judge with the Office of Administrative Law Judges, United States Department of Labor.

13. On September 9, 2011, ALJ Berlin issued a Decision and Order (attached hereto as Exhibit A and incorporated herein by reference), finding that e-Smart discharged Mr. Barrett from employment because he provided information to a person with supervisory authority over him regarding conduct he reasonably believed to constitute violations of the anti-fraud provisions in the securities acts and rules of the Securities and Exchange Commission and that e-Smart violated the whistleblower protection provisions of SOX.

14. In his Decision and Order, ALJ Berlin ordered e-Smart to:
   a. Pay Mr. Barrett back-wages and interest in the amount of $1,223,626.15;
   b. Permit Mr. Barrett to exercise the option rights to buy 10 million shares of e-Smart common stock; and,
   c. Pay Mr. Barrett's attorney's fees and costs reasonably incurred in the litigation.

15. In a separate order, ALJ Berlin awarded attorney's fees and costs of $94,708.65 to Patricia Douglas, Esq., and $2,250 in fees to Lisa E. Aguiar, Esq. That order is attached hereto as Exhibit B and incorporated herein by reference.

16. E-Smart appealed the ALJ's Decision and Order and attorney's fee award to the U.S. Department of Labor Administrative Review Board.

*Complaint*          4

17. On April 23, 2013, the Administrative Review Board issued a Final Decision and Order, affirming the ALJ's decisions (which is attached hereto as Exhibit C and incorporated herein by reference).

18. In the Final Decision and Order, the Administrative Review Board:
   a. Affirmed the ALJ's back pay and interest award,
   b. Held that the ALJ's ruling regarding the options was final, as e-Smart had waived its objection to this award; and,
   c. Affirmed the ALJ's attorney's fees award.

19. On July 11, 2013, in a separate Order Awarding Attorney's Fees (which is attached hereto as Exhibit D and incorporated herein by reference), the Administrative Review Board awarded Mr. Barrett $16,532.76 for his litigation costs before the ARB.

20. E-Smart did not file a petition for review within 60 days after the issuance of the Administrative Review Board's Final Decision and Order or Order Awarding Attorney's Fees, as provided by 29 C.F.R. § 1908.112. Therefore, the ALJ's Decision and Order (to the extent not appealed), the Administrative Review Board's Final Decision and Order, and the Administrative Review Board's Order Awarding Attorney's Fees are final orders of the Secretary of Labor and are not subject to further administrative or judicial review.

21. E-Smart has refused and continues to refuse to comply with the final orders of the Secretary of Labor issued pursuant to 18 U.S.C. § 1514A and 29 C.F.R. §§ 1980.109 and 1908.110. This Court is expressly authorized to enforce such orders of the Secretary of Labor. 18 U.S.C. § 1514A(b), 49 U.S.C. § 42121(b)(5), and 29 C.F.R. § 1980.113.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary respectfully requests judgment against e-Smart, its agents, servants, employees, and all persons in active concert or participation with them, or acting in their interest, as follows:

A. Entering judgment in favor of the Secretary of Labor, and against e-Smart and any successor for back pay and interest in the amount of $1,223,626.15;

B. Enforcing the attorney's fees and costs awarded by the Secretary of Labor to Mr. Barrett's counsel, including $94,708.65 to Patricia Douglass and $2,250 to Lisa E. Aguilar in the ARB's April 25, 2013 Final Decision and Order, and $16,532.76 awarded to Mr. Barrett's counsel in the ARB's July 11, 2013 Order Awarding Attorney's Fees;

C. Entering a permanent injunction, that would require e-Smart, and their officers, agents, servants, employees, attorneys, and persons who are in active concert or participation therewith to permit Mr. Barrett to exercise option rights to buy 10 million shares of e-Smart common stock as provided in the employment agreement between the parties vested according to the schedule in the employment agreement, as set forth in the Decision and Order issued by the United States Department of Labor Office of Administrative Law Judges in *Barrett v. e-Smart Technologies, Inc.*;

D. Entering a permanent injunction, enjoining e-Smart, and their officers, agents, servants, employees, attorneys, and persons who are in active concert or participation therewith from failing to comply with the (1) the Decision and Order issued by the United States Department of Labor Office of Administrative Law Judges in *Barrett v. e-Smart Technologies,*

*Inc.* (to the extent not appealed to the Administrative Review Board), (2) the Final Decision and Order issued by The United States Department of Labor Administrative Review Board *Barrett v. e-Smart Technologies, Inc.*, and (3) the Order Awarding Attorney's Fees issued by The United States Department of Labor Administrative Review Board in *Barrett v. e-Smart Technologies, Inc.*;

E. Awarding interest from the date of judgment at the legal rate until paid in full;

F. Awarding Attorney's fees and costs in this matter; and

G. For all other relief as the Court may deem just and proper.

Dated: February 21, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BRUCE L. BROWN
Associate Regional Solicitor

By: /s/ Laura C. Bremer
LAURA C. BREMER
Trial Attorney
Attorneys for Plaintiff
United States Department of Labor