IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>E-SMART TECHNOLOGIES, INC.,<br><br>　　　　　Defendant.<br>_____/ | No. C 14-00835 RS<br><br>**ORDER GRANTING RICHARD BARRETT'S MOTION TO INTERVENE AND CONTINUING THE CASE MANAGEMENT CONFERENCE** |

　　　　Richard Barrett served as Chief Operating Officer of defendant e-Smart Technologies, Inc. ("e-Smart") from May 1, 2007 to October 17, 2007.  Plaintiff, the Secretary of Labor, has issued Final Orders under the whistleblower protection provisions of the Sarbanes-Oxley Act, 18 U.S.C. § 1514, concluding that Mr. Barrett was constructively discharged by e-Smart as a result of his complaints about the accuracy of a public filing that e-Smart was preparing to submit to the Securities and Exchange Commission ("SEC").  The Secretary seeks a judgment entitling the agency to the damages found by the agency to be necessary to make Barrett whole and to recover Barrett's costs of his bringing his claim.

　　　　Barrett seeks to intervene to ensure that any such judgment can and will be collected.  In particular, Barrett wishes to pursue recovery from e-Smart's control person, Mary Grace, personally,

as he alleges Grace diverted funds from e-Smart to her personal use or to companies under her control. Plaintiff, through counsel, informed Barrett he does not oppose this motion. e-Smart has not responded. Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument.

Rule 24 of the Federal Rules of Civil Procedure governs intervention. The Ninth Circuit applies a four-part test under this rule: "(1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). When ruling on a motion to intervene, "[c]ourts are to take all well-pleaded, non-conclusory allegations in the motion to intervene, the proposed complaint . . . in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Southwest Ctr. For Biological Diversity v. Berg*, 268 F. 3d 819, 820 (9th Cir. 2001)

Barrett's motion satisfies the four factors set forth in *Wilderness Society.* First, the motion is timely. Plaintiff was served with the original complaint on March 13, 2014. This motion was filed less than one month later on April 10, 2014. Defendant has not yet responded to the complaint, and no case management conference has been held. *See U.S. v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996) (factors to determine whether a motion to intervene is timely include the stage of the proceeding, prejudice to the other parties, and the reason for and length of any delay).

Second, Barrett has shown he possess a "significantly protectable" interest in the subject of the action. The Department of Labor orders, which the Secretary's complaint seeks to enforce, consist of monetary awards to Barrett as well as injunctive relief for the benefit of Barrett, including a permanent injunction to permit Barrett to exercise his stock option rights. According to Department of Labor regulations, Barrett has standing to bring the present action personally. 29 C.F.R. § 1980.113.

Third, taking the allegations in the proposed complaint in intervention and declarations submitted in support of the motion to intervene as true, Barrett has demonstrated that disposition of

the action as it currently stands may impair or impede his ability to protect that interest.  Without addressing whether Barrett may be entitled to pierce the corporate veil of e-Smart in order to seek damages from Grace personally or from other companies under her control, the documents submitted by Barrett in support of his motion suggest that recovery from e-Smart itself may be challenging.  For example, Barrett submits documentation obtained from the state regulators for the states in which e-Smart, as well as three other companies controlled by Grace, are incorporated. The website of the Secretary of State of Nevada indicates e-Smart is in default; the other entities also appear to be out of compliance with the corporate registration requirements of the states of their incorporation. (Douglass Dec., Exh. A.)  e-Smart's most recent annual report filed with the SEC on Form 10-KSB stated that three of the companies allegedly controlled by Grace (e-Smart, IVI Smart, and Intermarket) loaned significant sums to one another without sufficient documentation, according to auditors.  (*Id.*, Exh. B, at 37, 43.)  In addition, Grace testified during a 2011 hearing in another case in this district that the operations of e-Smart at that time were financed by loans from existing shareholders and that the company had revenue of only $50,000 in the prior 12 months. (*Id.*, Exh. H.)

      Fourth, it appears that Barrett's interest in this matter may be inadequately represented by the current parties to the action.  According to the complaint, the Secretary seeks a monetary judgment against e-Smart and any successor only, without any reference to Grace individually or to other entities under her control.  Barrett admits, "[W]e cannot know whether the Secretary will actively pursue and trace assets that Ms. Grace has diverted from e-Smart," assuming it will become necessary to do so.  However, Barrett is correct that a judgment in favor of the Secretary, without Barrett's presence as an intervenor, will not itself provide Barrett with a basis to pursue collection activities on his own behalf should they become necessary.  Barrett also contends the relief sought by the Secretary is insufficient as it seeks interest only from the date of judgment in this court until paid in full. (Complaint at 7, ¶ E.)  Barrett claims he is entitled to interest accrued from the date of the Final Orders issued by the Department of Labor Administrative Review Board.

      Turning briefly to the question of whether Barrett is entitled to pierce the corporate veil of e-Smart: Barrett's instant motion, and the declaration and evidence offered in support thereof, is not

sufficient to make a determination at this time. "In considering whether to disregard the corporate form, we apply federal substantive law, although we may look to state law for guidance." *Board of Trustees v. Valley Cabinet & Mfg. Co.*, 877 F.2d 769, 772 (9th Cir.1989). "The determination of whether or not to pierce the corporate veil and hold a shareholder personally liable for corporate debts is based on three factors: 'the amount of respect given to the separate identity of the corporation by its shareholders, the degree of injustice visited on the litigants by recognition of the corporate entity, and the fraudulent intent of the incorporators.'" *Id.* (quoting *Seymour v. Hull & Moreland Eng'g*, 605 F.2d 1105, 1111 (9th Cir. 1979)). A party seeking to pierce the corporate veil "must prevail on the first threshold factor and on one of the other two." *UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994); see also *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 595*, Case No. 11-1699-CW, 2012 WL 951778, at *12–13 (N.D. Cal. Mar. 20, 2012) (applying the *Seymour* factors).

In addition to the exhibits referenced above, Barrett has submitted copies of exhibits entered into evidence in Barrett's trial before the Administrative Law Judge in the Department of Labor proceedings and a memorandum in support of a motion to compel submitted in 2013 by the Securities and Exchange Commission in its current proceeding against e-Smart, including various exhibits attached thereto. With the exception of statements by e-Smart and Grace, as its principal, the remainder of these documents contain inadmissible hearsay and are not presented by a declarant with personal knowledge of the facts therein. The record, as it stands, raises sufficiently serious questions to warrant intervention in light of Barrett's representation that the Secretary does not intend to pursue collection beyond e-Smart itself. It is not, however, enough to reach the substantive issue presented in Barrett's motion at this juncture.

In light of this order, the case management conference currently scheduled for May 22, 2014 is hereby continued to June 26, 2014 at 10:00 a.m. in Courtroom 3 on the 17th Floor of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. The parties shall file a Joint Case Management Statement at least one week prior to the Conference. Parties or counsel may appear personally or file a request to appear by telephone. If any party files such a request, all parties shall

appear telephonically at 11:00 a.m. and must contact Court Conference at 866/582-6878 at least one week prior to the Conference.

IT IS SO ORDERED.

Dated: May 14, 2014

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE